THE ATTORNEY GENERAL
OF TEXAS
ATTORNEY GENERAL



December 30, 1971

Hon. Raymond W. Vowell
Commissioner
State Department of Public Welfare
John H. Reagan Building
Austin, Texas

Dear Mr. Vowell:

Opinion No. M- 1035

Re: Effect of Graham v.
Richardson (U.S. Sup.
1971) upon Art. III,
Sec. 15a, Texas Con-
stitution, and Art.
695c, Secs. 12 and 20,
V.C.S., relating to
citizenship requirement
for old age assistance
and aid to the blind.

In your letter requesting an opinion from this office you ask the following question:

"Does the United States Supreme Court decision in Graham v. Richardson, et al. and Sailer, et al. v. Legar, et al., have the effect of rendering unconstitutional the portions of the Texas Constitution (Art. III, Sec. 51-a) and the Texas statutes (Art. 695c, Secs. 12 and 20, V.T.C.S.) which relate to the citizenship requirement for old age assistance and aid to the blind."

On June 14, 1971, the United States Supreme Court decided the cases of Graham v. Richardson, et al. and Sailer, et al. v. Legar, et al., 91 S.Ct. 1848, 403 U.S. 365 (1971) affirming Graham v. Richardson, et al., 313 F.Supp. 34 (D.Ariz. 1970) and Sailer, et al. v. Legar, et al., 321 F.Supp. 250 (E.D.Penn. 1970). Both cases were welfare cases. The Graham case concerned the Arizona statute providing benefits to the permanently and totally disabled (APTD). The Arizona statute, Section 46-233A.1, Arizona Revised Statutes, reads:

"No person shall be entitled to general assistance who does not meet and maintain the following requirements:

-5047-

"1.  Is a citizen of the United States,
or has resided in the United States a total
of fifteen years. * * *"

A like eligibility provision conditioned upon citizenship or
durational residence appears in the Arizona statutes providing
old age assistance and assistance to the needy blind.  The
Appellee, Carmen Richardson, was a lawfully admitted alien.  She
met all other qualifications for (APTD) benefits except the 15
year residency specified for aliens by the Arizona statute.  She
applied for (APTD) benefits but was denied relief solely because
of the residency provision.

The Sailer case concerned the Pennsylvania Welfare Code,
62 P.S. Section 432(2).  It provides that those eligible for
assistance shall be (1)  needy persons who qualify under the
federally-supported categorical assistance programs and (2)  those
other needy persons who are citizens of the United States.  The
Appellee, Elsie Legar, was a lawfully admitted resident alien.
Mrs. Sailer was ineligible for assistance under the federal pro-
grams and was denied State welfare assistance because of her
alienage.

The Court in its opinion by Mr. Justice Blackmun held
that State statutes like those of Arizona and Pennsylvania which
deny welfare benefits to lawfully admitted resident aliens or to
lawfully admitted aliens who have not resided in the United States
for a specified number of years, violate the Equal Protection Clause
of the Fourteenth Amendment to the United States Constitution and
encroach upon the exclusive federal power over the entrance and
residence of aliens.  The Court also held that there was no au-
thorization for Arizona's 15 year durational residency requirement
in the Social Security Act.

On December 13, 1971, a three-judge district court en-
tered a judgment in the United States District Court, Southern
District of Texas, Houston Division in Perez, et al. v. Hackney,
et al. consolidated with Salazar v. Hackney, et al.*  The Perez
and Salazar cases were actions which pertained solely to the aid
to the permanently and totally disabled (APTD), Section 16-B,
Article 695c, Vernon's Civil Statutes, and aid to families with
dependent children (AFDC), Section 17, Article 695c, Vernon's

---

* Not yet reported.

Civil Statutes programs.

The judgment entered in the <u>Perez</u> and <u>Salazar</u> cases reads, in part, as follows:

"...

"1. Portions of Article III, Section 51-a of the Texas Constitution and Texas Revised Civil Statutes Annotated, Article 695c, §§16-b & 17, and the regulations issued pursuant to them by defendants, deny aid to applicants for Aid to the Permanently and Totally Disabled and Aid to Families with Dependent Children who are not citizens of the United States. As such those portions violate Article I, §8 and VI of the Constitution of the United States by encroaching upon exclusive federal power and they also violate the equal protection clause of the Fourteenth Amendment to the United States Constitution."

There is no specific provision in the Texas Constitution relating to the citizenship requirement for aid to the permanently and totally disabled and aid to families with dependent children, but Sections 16-B and 17 of Article 695c, Vernon's Civil Statutes, contain the statutory requirements for citizenship for these two programs as follows:

"Sec. 16-B. (1) Assistance to the permanently and totally disabled shall be given under the provisions of this Act to any needy person:

"1. Who is permanently and totally disabled as hereinafter defined; and

"...

"3. Who is a citizen of the United States, and ...

"Sec. 17. Aid to Families with Dependent Children shall be given under the provisions of this Act with respect to any dependent child. 'Dependent Child' is any needy child:

"(1) Who is a citizen of the United States, and . . ."

Article III, Section 51-a of the Texas Constitution provides, in part, as follows:

"Section 51-a. The Legislature shall have the power, by General Laws, to provide, subject to limitations herein contained, and such other limitations, restrictions and regulations as may by the Legislature be deemed expedient, for assistance grants to . . .

"(1) Needy aged persons who are citizens of the United States or non-citizens who shall have resided within the boundaries of the United States for at least twenty-five (25) years; (Emphasis added.)

"(2) Needy individuals who are totally and permanently disabled by reason of a mental or physical handicap or a combination of physical and mental handicaps;

"(3) Needy blind persons;

"(4) Needy dependent children and the caretakers of such children. . ."

The Public Welfare Act of 1941, as amended (Article 695c, Vernon's Texas Civil Statutes) Sections 12 and 20 provide, in part, as follows:

"Sec. 12. Assistance shall be given under the provisions of this Act to any needy blind person who:

" . . .

"(6) Who is a citizen of the United States."

"Sec. 20. Old Age Assistance shall be given under the provisions of this Act to any needy person:

" . . .

"(2) Who is a citizen of the United States or who is a noncitizen and has resided within the boundaries of the United States for at least twenty-five (25) years; and

". . ."

On the basis of the United States Supreme Court decision in Graham v. Richardson, et al. and Sailer, et al. v. Legar, et al., and the judgment entered in the Perez, et al. v. Hackney, et al. and Salazar v. Hackney, et al. cases, it is our opinion that that portion of Article III, Section 51-a of the Texas Constitution and Sections 12 and 20 of the Public Welfare Act, 1941, as amended, Article 695c, Vernon's Civil Statutes, which make citizenship a qualification for the old age assistance and aid to the blind programs, are in violation of the Equal Protection Clause of the United States Constitution and encroach upon the exclusive federal power over the entrance and residence of aliens. There is no authorization in the Social Security Act for the durational residency requirement contained in Article III, Section 51-a of the Texas Constitution and Section 20(2), Vernon's Civil Statutes.

## S U M M A R Y

On the basis of the United States Supreme Court decision in Graham v. Richardson, et al., and Sailer, et al. v. Legar, et al., 91 S.Ct. 1848, 403 U.S. 365 (1971), that portion of Article III, Section 51-a of the Texas Constitution and Sections 12 and 20 of the Public Welfare Act, 1941, as amended, Article 695c, Vernon's Civil Statutes, which make citizenship a qualification for the old age assistance and aid to the blind programs, are in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and encroach upon the exclusive federal power over the entrance and residence of aliens. There is no authorization in the Social Security Act for the durational residency requirement contained in Article III, Section 51-a of the Texas Constitution and Section 20(2), Article 695c, Vernon's Civil Statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

-5051-

Hon. Raymond W. Vowell, page 6 (M-1035)


Prepared by Ivan R. Williams, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Sig Aronson
John Reeves
Jerry Roberts
R. D. Green

SAM McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant